IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GERALD KALE,

                    Petitioner,

        v.

ROBERT COLLINS, et al.,

                    Respondents.

CIVIL ACTION
NO. 12-6511

## OPINION

**Slomsky, J.**                                                     **June 30, 2016**

## I.    INTRODUCTION

Before the Court is the pro se Petition for Writ of Habeas Corpus of Petitioner Gerald

Kale, a state prisoner, filed pursuant to 28 U.S.C § 2254.  (Doc. No. 1.)  United States Magistrate

David R. Strawbridge issued a Report and Recommendation ("R&R"), recommending that the

Petition be denied and that a certificate of appealability not be issued.  (Doc. No. 21.)  Plaintiff

has filed Objections to the R&R.  (Doc. No. 24.)  For the reasons stated below, the Court will

approve and adopt the R&R (Doc. No. 21) and deny the Petition (Doc. No. 1).[1]

## II.    BACKGROUND

On May 11, 1998, Petitioner Gerald Kale was convicted at a bench trial in state court of

robbery, receiving stolen property, burglary, carrying a firearm without a license, making

terroristic threats, criminal trespass, simple assault, and conspiracy.  (Doc. No. 17-5 at 3.)  The

conviction resulted from an armed robbery of Petitioner's girlfriend at her house, whereby an

---

[1] For the purposes of this Opinion, the Court has considered Petitioner's pro se Petition for Writ of Habeas Corpus (Doc. No. 1), the Response to the Petition for Writ of Habeas Corpus (Doc. No. 17), Magistrate Judge Strawbridge's Report and Recommendation (Doc. No. 21), Petitioner's Objections to the Report and Recommendation (Doc. No. 24), and the pertinent state court record.

accomplice held a gun to her head while Petitioner stole a money box from a closet inside her home.  (Doc. No. 21 at 2.)  After determining that Petitioner was a third-strike offender, the court sentenced him to forty-five to ninety years imprisonment.  (Id. at 2-3.)

Petitioner appealed his conviction to the Pennsylvania Superior Court, challenging the imposition of his sentence and raising two claims of ineffective assistance of counsel.  (Doc. No. 17-5 at 4.)  On April 24, 2000, the Superior Court remanded the case back to the Court of Common Pleas for an evidentiary hearing on Petitioner's claim that trial counsel failed to inform Petitioner of a plea offer from the district attorney.  (Id. at 9.)  On August 28, 2000, after holding an evidentiary hearing, the Court of Common Pleas determined that counsel was not ineffective. (Doc. No. 17-6 at 6.)  On June 11, 2002, the Pennsylvania Superior Court affirmed that decision on appeal.  (Doc. No. 17-7.)

Petitioner next filed a petition for post-conviction relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541.  (Doc. No. 17-8 at 3.)  After Petitioner's appointed counsel withdrew his representation because he believed Petitioner's claims lacked merit, the PCRA court dismissed the petition on November 26, 2003.  (Id. at 4.)  On appeal, the Pennsylvania Superior Court rejected several of Petitioner's claims that PCRA counsel was ineffective, but agreed that PCRA counsel should have challenged the legality of Petitioner's sentence and thus remanded the case to the Court of Common Pleas.  (Doc. No. 17-10 at 12-13.)

On October 9, 2007, after Petitioner's case was remanded by the Pennsylvania Superior Court with a limited instruction to re-calculate his sentence, Petitioner was resentenced as a second-strike offender for robbery, and his aggregate sentence was reduced to thirty to sixty years imprisonment.  (Doc. No. 17-12 at 3.)  On June 22, 2009, the Pennsylvania Superior Court affirmed his sentence on appeal.  (Doc. No. 17-13.)  On October 7, 2009, Petitioner filed a new

2

PCRA petition challenging counsel's ineffectiveness, which was denied.  (Doc. No. 17-14 at 3.)
The denial was affirmed on appeal by the Pennsylvania Superior Court.  (Doc. No. 17-15 at 1.)

On November 19, 2012, Petitioner filed the present Petition for habeas relief under 28
U.S.C. § 2254.  (Doc. No. 1.)  Petitioner claims that his trial and appellate counsel were
ineffective in violation of his Sixth Amendment right to counsel, and also that the Superior Court
improperly limited his appellate rights in violation of his right to due process under the
Fourteenth Amendment.  (Id. at 10-11, 13.)  The Petition was referred to Magistrate Judge
Strawbridge for an R&R.  (Doc. No. 11.)  On July 1, 2013, Respondents filed a Response to the
Petition.  (Doc. No. 17.)  On February 26, 2015, Magistrate Judge Strawbridge issued the R&R,
recommending that because Petitioner's claims are without merit, the Petition should be
dismissed and a certificate of appealability not issue.  (Doc. No. 21.)  On March 16, 2015,
Petitioner filed Objections to the R&R.  (Doc. No. 24.)

For the following reasons, the Court will approve and adopt the R&R and dismiss the
Petition.

## III.    STANDARD OF REVIEW

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal
habeas Petition may not be granted on any claim which was adjudicated on the merits in State
court proceedings unless Petitioner can show that the adjudication of the claims either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or (2) resulted in a decision that was
> based on an unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Woodford v. Visciotti, 537 U.S. 19, 21 (2002).  Under the AEDPA,
review of state court legal and factual determinations is highly deferential.  See Palmer v.
Hendricks, 592 F.3d 386, 392 (3d Cir. 2010) ("'[T]he AEDPA requires federal courts collaterally

3

reviewing state proceedings to afford considerable deference to state courts' legal and factual determinations.'  Factual determinations made by the state court are presumed to be correct, but may be rebutted by clear and convincing evidence.") (internal quotation omitted).  If a state court did not adjudicate a claim on the merits, however, the deferential standard of the AEDPA does not apply.  Id.  Rather, in such cases, "the federal habeas corpus court must conduct a de novo review over pure legal questions and mixed questions of law and fact . . ." Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001) (citing McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999)).

Under 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district judge is permitted to designate a magistrate judge to make proposed findings and recommendations on petitions for post-conviction relief.  Any party may file objections in response to the magistrate judge's report and recommendation.  Id. § 636(b)(1)(C).  Whether or not an objection is made, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The [district] judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions." Id.  "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also 28 U.S.C. § 636(b).

In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation.  Under that rule, a petitioner must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections."  Savior v. Superintendent of Huntingdon SCI, No. 11-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012).  Upon review, "[a district

4

judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).

De novo review is non-deferential and generally permits the district court to conduct an "independent review" of the entire matter.  Salve Regina College v. Russell, 499 U.S. 225, 238 (1991).  "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper."  Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

## IV.   ANALYSIS

### A.  Ineffective Assistance of Counsel Claims Are Without Merit

Petitioner brings three ineffective assistance of counsel claims.  First, he claims that trial counsel was ineffective for not filing a motion for a directed verdict because the evidence was insufficient as a matter of law.  (Doc. No. 1 at 10.)  Second, he claims that trial counsel was ineffective for not filing a motion for a directed verdict because the verdict was against the weight of the evidence.  (Id.)  Third, he claims appellate counsel was ineffective for not raising trial counsel's ineffectiveness on appeal.  (Id. at 11.)  Therefore, he concludes that his Sixth Amendment rights have been violated.  Magistrate Judge Strawbridge rejected these three claims as having no merit.  (Doc. No. 21 at 8.)  Petitioner objects to these findings.

Petitioner's claims of ineffective assistance of counsel are governed by Strickland v. Washington,  466 U.S. 668 (1984).  In Strickland, the United States Supreme Court held that to prevail on an ineffective assistance of counsel claim, a petitioner must meet two requirements: 1) he must show "that counsel made errors so serious" that they were "outside the wide range of professionally competent assistance"; and 2) he "must show that the deficient performance

prejudiced the defense" and was "so serious as to deprive [him] a fair trial." Id. at 687-690.  In Pennsylvania, a third requirement exists, obligating that the Petitioner show that his underlying claim is of arguable merit.  Commonwealth v. Spotz, 84 A.3d 294, 311-12 (Pa. 2014).  When a federal court reviews the state court's rejection of a petitioner's ineffective assistance of counsel claim pursuant to 28 U.S.C. § 2254, it must be "highly deferential" to the state court's decision unless that decision is contrary to clearly established federal law, or if it is objectively unreasonable.  Yarborough v. Gentry, 540 U.S. 1, 4 (2003).

Given these principles, the Court agrees with Magistrate Judge Strawbridge that counsel was not ineffective, and will review each of Petitioner's ineffective assistance claims seriatim.

### a.  Failure to Argue Insufficiency of Evidence

Petitioner objects to Magistrate Judge Strawbridge's determination that there was sufficient evidence to support his conviction, and thus trial counsel was not ineffective for raising this claim.  Petitioner's main contention is that the trial court made an incorrect credibility determination about one of the witnesses at trial.  (Doc. No. 24 at 4-6.)  Furthermore, Petitioner argues that the witness's testimony failed to prove critical elements of the crimes for which he was convicted.  (Id. at 6.)  The Court disagrees.

"[I]n a challenge to a state criminal conviction . . . [petitioner] is entitled to habeas relief if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 324 (1979).  A federal court reviewing a petition for habeas relief based on an insufficiency of the evidence claim "may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court."  Coleman v. Johnson, 132 S. Ct. 2060, 2062 (2012) (quotations omitted). If "any rational trier of fact could have found the

essential elements of a crime beyond a reasonable doubt," sufficiency is established.  <u>Jackson</u>, 443 U.S. at 319.

Applying these principles, the Pennsylvania Superior Court reviewed the record and agreed with the trial court's finding that there was sufficient evidence to sustain the verdict. (Doc. No. 17-8 at 9-11.)  The Pennsylvania Superior Court noted that the trial court gave specific findings of evidence for each elements of the crimes for which Petitioner was convicted, and it agreed with those findings.  (<u>Id.</u> at 10.)  Furthermore, the court explained that Petitioner simply had a different "version of events underlying [his case]," and that is not enough to support an insufficiency of the evidence claim when a factfinder made reasonably objective determinations based on the evidence before him.  (<u>Id.</u>)  After carefully explaining the facts that supported the conviction as outlined in the trial court record, Magistrate Judge Strawbridge correctly determined that this insufficiency of the evidence claim is meritless.  (Doc. No. 21 at 10-11.)

The Court agrees that a reasonable trier of fact could have convicted Petitioner for the crimes charged based on the evidence, and for this reason will not overturn the state court's findings.  Because the insufficiency of the evidence claim fails, counsel could not have been ineffective for not raising this meritless claim.  <u>See</u> <u>Werts v. Vaughn</u>, 228 F.3d 178, 203-204 (3d. Cir. 2000).  Accordingly, habeas relief will be denied as to this claim of ineffective assistance of counsel.

### b.  Failure to Argue that the Verdict Was Against the Weight of the Evidence

Petitioner objects to Magistrate Judge Strawbridge's finding that the weight of the evidence presented at trial supported Petitioner's convictions, and thus counsel was not ineffective for failing to raise this claim.  (Doc. No. 24 at 7.)  Petitioner argues that a witness

provided exculpatory testimony, but that the trial court considered other evidence and made "unreasonable determination[s] of the facts." (Id. at 9.) The Court disagrees.

28 U.S.C. § 2254 provides that "a determination of a factual issue made by a State court shall be presumed to be correct" unless a petitioner can provide "clear and convincing evidence" that it is not. The only evidence that Petitioner presents to the Court is the testimony of a witness that he argues exonerates him and proves his innocence. This is not clear and convincing evidence that can overcome the presumption of the correctness of the state court's finding of fact. As with the insufficiency of the evidence claim, both the trial court and the Pennsylvania Superior Court addressed Petitioner's weight of the evidence claim and both determined that "credible evidence supported the guilty verdict." (Doc. No. 17-8 at 12). Both courts considered the witness's allegedly exculpatory testimony and rejected it as a basis to overturn his conviction. Magistrate Judge Strawbridge was therefore correct in determining that this claim is meritless.

Accordingly, because this claim is without merit, trial counsel was not ineffective for failing to raise it.

### c. Ineffective Assistance of Appellate Counsel

Petitioner next objects to Magistrate Judge Strawbridge's finding that appellate counsel was not ineffective for failing to raise trial counsel's ineffectiveness. (Doc. No. 24 at 11.) The Court agrees with Magistrate Judge Strawbridge that this claim is meritless. Petitioner's claim cannot survive because it centers on trial counsel's ineffectiveness. As discussed, trial counsel was not ineffective. Therefore, this claim is without merit and presents no grounds for habeas relief.[2]

---

[2] In his Objections, Petitioner also asserts that appellate counsel was ineffective for failing to "preserve and present Petitioner's claims of error on appeal." (Doc. No. 24 at 11.) Petitioner

**B.  Due Process Claim Is Without Merit**

Petitioner asserts that the Pennsylvania Superior Court violated his Fourteenth Amendment due process rights when "it denied Petitioner the right to appeal and right to challenge any discretionary errors by the trial court following remand [for] imposition of [a] new sentence." (Doc. No. 1 at 14.)  This claim arises from the April 24, 2007 Pennsylvania Superior Court's remand of Petitioner's PCRA petition for re-calculation of his sentence.  (Doc. No. 17-10 at 20.)  In the remand order, the court instructed that the "aggrieved party shall then have the right to appeal only this sentencing claim following re-sentencing."  (Id. at 20-21.)  Petitioner argues that his appellate rights have been violated by this limitation.  Magistrate Judge Strawbridge rejected this claim as meritless, and the Court agrees.

Petitioner does not appear to object to Magistrate Judge Strawbridge's determination that the Pennsylvania Superior Court was permitted to remand the case with instructions for limited review pursuant to 28 U.S.C. § 2106.  What Petitioner objects to is Magistrate Judge Strawbridge's conclusion that "[f]ollowing remand, any further appeal may only be heard regarding new issues, as all other previous issues would be barred by the doctrine of *res judicata* as having been previously litigated." (Doc. No. 21 at 14-15.)  Petitioner asserts principles of res judicata do not apply to bar his re-litigating claims that he already raised on appeal.  Petitioner is incorrect and cites no law for this proposition.  An inferior court must follow the instructions of an appellate court, and the issues not remanded are considered final and settled.  See United States v. Kennedy, 682 F.3d 244, 252-253 (3d Cir. 2012) (quoting Ex Parte Sibbald v. United States, 37 U.S. 488, 492 (1838)).

---

did not bring this claim before the Magistrate Judge, and thus the Court will not review it.  See E.D. Pa. R. Civ. P. 72.1(IV)(c).

Petitioner next argues that Magistrate Judge Strawbridge erred in not considering the United States Supreme Court's recent holding in Alleyne v. New Jersey, 133 S. Ct. 2151 (2013), that "any fact that increases the mandatory minimum [sentence for a crime] is an 'element' that must be submitted to the jury." Id. at 2155. First, Petitioner asserts this legal argument for the first time in his Objections to the R&R, and the Court need not review it. Second, his argument is without merit.

In general, new constitutional rules do not apply retroactively to final convictions that are on collateral review. Teague v. Lane, 489 U.S. 288, 310 (1989). However, there are two exceptions to this rule: when there are "new substantive rulings of constitutional law" or "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of criminal proceedings." Montgomery v. Louisiana, 136 S. Ct. 718, 728 (2016). Within the Third Circuit, Alleyne is considered a procedural rule but not a "watershed rule," for "every court to consider the issue has concluded that Alleyne provides only a limited modification to the Sixth Amendment right." United States v. Reyes, 755 F.3d 210, 212 (3d Cir. 2014). Accordingly, "the rule of criminal procedure announced by the Supreme Court in Alleyne does not apply retroactively to cases on collateral review." Id.; see also United States v. Winkelman, et al., 746 F.3d 134 (3d Cir. 2014). Petitioner's habeas petition is currently on collateral review, and thus Alleyne is of no assistance to his due process claim. Consequently, the Court will deny habeas relief on the due process claim.

## V.    CONCLUSION

For the foregoing reasons, the Court will adopt Magistrate Judge Strawbridge's Report and Recommendation and will deny Petitioner's Petition for Writ of Habeas Corpus. An appropriate Order follows.